# The Trustees of Dartmouth College
## vs. N. Clough.

In debt for rent by the lessor against the assignee of the lessee, a plea of *nil debet* puts in issue the whole declaration.

An assignee of a term is one who takes the whole interest of the lessee in the land, or in some part of the land.

He to whom the lessee under-lets for a part only of the term, is only an under-tenant, and not an assignee of the term.

An under-tenant is not liable for rent to the original lessor in any form of action.

DEBT. The first count alleged, that on the 27th of May,

Dart. College
vs.
Clough.

1808, the plaintiffs, by an indenture made between them and John Clifford and Timothy Clifford, demised, granted, and to farm, let to said John and Timothy, their executors, administrators and assigns, a certain tract of land in Warren, to have and to hold during the term of nine hundred and ninety-nine years, from the 1st of January, 1809; that the said John and Timothy by said indenture, covenanted with the plaintiffs that they and their assigns should yield and pay therefor to the plaintiffs on the 1st of January, 1809, and on the first day of January annually afterwards, during said term, twenty-four bushels of good merchantable wheat, to be delivered at said College; that by virtue of the said indenture the said John and Timothy entered into the demised premises, and became possessed of said term therein; that on the 1st of January, 1825, the residue of said term and all the interest of said John and Timothy in said demised premises, came by assignment to the defendant, who thereupon entered and became possessed of the said term therein; that after the assignment to the defendant, and during the continuance of said term, and while he was so possessed of the same, to wit., on the 1st of January, 1834, a large quantity of wheat, of the rent aforesaid, to wit., seventy-two bushels, of the value of $108, accruing during the possession of the defendant for three years of the said term, ending on the day and year last aforesaid, became and was due and payable to the plaintiffs, and still is in arrear and unpaid, whereby an action hath accrued to the plaintiffs to have and recover said wheat.

The second count alleged a demise to the Cliffords, an assignment to the defendant, and an occupation by him, as in the first count; but in this count the rent was stated to be $24, instead of twenty-four bushels of wheat.

Plea, *nil debet*.

The cause was tried at May term, 1835.

The plaintiffs produced no lease from themselves to the Cliffords, but they proved that the defendant, prior to the year

1832, occupied a part of the land described in the declaration of the plaintiffs; and that in the years 1830 and 1831 he paid to the plaintiffs the sum of $6, as rent for the same. The receipt taken by the defendant in 1831 was in these words:

"*February* 21, 1831. Received of Nathaniel Clough, by 'the hand of Dr. Knowlton, six dollars, towards rents due 'the trustees of Dartmouth College on J. & T. Clifford's 'lease of land in Warren."

On the part of the defendant it appeared, that on the 1st of March, 1809, John and Timothy Clifford, by an indenture of that date, demised to the defendant fifty acres, part of the premises demised to them by the plaintiffs, for the term of nine hundred years from the 1st of January, 1810, on the following terms, to wit.: That the defendant should yield and pay to them on the 1st of January annually during the term, six bushels of good merchantable wheat, to be delivered at John Clifford's house, in Wentworth; and in case of failure, the premises to revert to the said Cliffords. But this lease was not recorded in the registry of deeds, nor did it appear that the plaintiffs had any notice of its existence.

The defendant never occupied the land, after the year 1831.

A verdict was taken, by consent, for the defendant, subject to the opinion of the court upon the foregoing case.

*Perley*, for the plaintiffs. We claim a new trial in this case upon the following grounds.

I. On a plea of *nil debet* to debt on a demise by deed, the deed need not be shown. The plea admits the deed as pleaded. 5 *Coke* 74, *Wymark's case;* 1 *Chitty's Pl.* 478; 2 *Starkie's Ev.* 464; 2 *L. Raymond* 1500, *Warren* vs. *Consett; Cowper* 590, *Warner* vs. *Theobald.*

II. The plaintiffs, having proved the defendant to have been upon the land and to have paid rent to them, this was proof of an assignment, which the defendant could not con-

tradict by showing that at the time of his occupation and payment of rent he held as under-tenant of the original lessees. The circumstance that the defendant was upon the land, was prima facie evidence that he was assignee ; and his payment of rent to the plaintiffs was a distinct admission that he was their tenant, and an estoppel *in pais.* 1 *Saunders* 287, *note* 16 ; 4 *B. & C.* 281, *Skyring* vs. *Greenwood ;* and 4 *B. & C.* 715, *Show* vs. *Picton.*

Where one pays rent to another, who claims to be his landlord, he cannot afterwards deny his tenancy and refuse to pay the rent. This is the general rule. It is conceded that there are exceptions to the general rule. 2 *Bingham* 10, *Fenner* vs. *Duplock ;* 6 *Taunton* 202, *Rogers* vs. *Pitcher ;* 1 *B. & P.* 326, *Williams* vs. *Bartholomew ;* 2 *Starkie's N. P. C.* 230, *Doe* vs. *Watson ;* 1 *Bingham* 360, *Neave* vs. *Moss ;* 3 *Bingham* 474, *Gregory* vs. *Doidge ;* 2 *Sand. Pl. & Evidence* 891.

But this case does not come within any exception to the general rule.

III. The deed from the Cliffords to the defendant, not having been acknowledged and recorded, was not admissible in evidence against the plaintiffs. 1 *N. H. Laws* 533 ; 5 *Mass. R.* 438, *Dudley* vs. *Sumner ;* 3 *N. H. R.* 234, *French* vs. *French.*

The legislature has at all times been anxious to guard against frauds in the clandestine conveyance of real property, and to afford effectual means to all who are interested to discover in whom the title is.

We show by the defendant's acts and admissions that he was upon the land as the tenant of the plaintiffs. And he now offers this secret conveyance to prove that he held the land in another manner, which will defeat our claim issuing out of the land.

We say this is not by law admissible.

*Bell,* for the defendant. The plaintiffs produced no lease

*margin note:* Dart. College *vs.* Clough.

on the trial, holding that *nil debet* admitted the lease stated in the declaration. The first question is, whether the law be so?

In debt on a specialty there is a material distinction between those cases in which the deed is only inducement to the action and matter of fact the foundation of it, and those in which the deed itself is the foundation and the fact mere inducement. In the former case, as in debt for rent due on an indenture of lease, though the plaintiff has declared setting out the indenture, yet as the fact of the subsequent occupation gives the right to the sum demanded, and is the foundation of the action, and the lease is mere inducement, the defendant may plead *nil debet.* 1 *Chitty's Pl.* 477.

In this case, then, the plea is right; but it does not admit the indenture. On the contrary, it puts in issue the plaintiffs' whole case, and admits nothing. Chitty says the plea of *nil debet* in these cases puts the plaintiff on proof of the whole of the allegations in the declaration. 1 *Chitty's Pl.* 477.

It is too late to say that the plaintiff need not have set out the lease in his declaration. He has set it out and must prove it.

The plaintiffs proved that the defendant, prior to 1832, occupied a part of the premises described in their lease to the Cliffords, and that in 1830 and 1831 he paid each year $6 towards the rent due on that lease.

The defendant then proved that in March, 1809, the Cliffords by indenture demised to him a part of the land for a part of their term. But this indenture was never acknowledged or recorded.

If the indenture between the Cliffords and the defendant was admissible as evidence, these plaintiffs cannot recover. The original lessor cannot sue an under-tenant on a covenant for rent contained in the original lease. *Woodfall* 283; *Douglas* 183.

The action will not lie, unless the defendant be the

assignee of the whole term. When he is in under a lease for a part of the term, he is not an assignee but an under-tenant.

But it is said, the indenture between the Cliffords and the defendant was not admissible as evidence, because it was not on record. There is, however, no foundation for this. That indenture was put in, not as a claim of title, but to qualify the possession which the plaintiffs had proved. It was put in merely to rebut the presumption of an assignment to him of the whole term which the Cliffords had in the land, arising from the circumstances that he was in possession and paying rent on the lease to the Cliffords. It would be very strange if the plaintiffs could be permitted to raise a presumption of an assignment (which is as much required to be in writing, and acknowledged and recorded, as the lease) without showing any writing at all, and from the mere fact of occupation, and yet the defendant could not be permitted to rebut that presumption by showing the authority by which he was there, when that authority was in writing and under seal.

But the plaintiffs are not entitled to recover in any view of the case, on the merits.

There is no pretence to charge the defendant, unless it be on the ground of occupation. And it appears that he has paid to the plaintiffs all that was due as rent for the land which he occupied during the time of his occupation.

RICHARDSON, C. J., delivered the opinion of the court.

We have attentively considered this case, and are of opinion that there must be judgment on the verdict.

The case stated in the declaration is that the plaintiffs, in the year 1808, made a lease to the Cliffords of certain land in Warren for nine hundred and ninety-nine years, reserving a certain yearly rent, and that in the year 1825 all the interest of the Cliffords in the premises came to the defendant by assignment; and the plaintiffs claim to recover of the

defendant, as such assignee, all the rent reserved in the lease which became due between January 1, 1831, and January 1, 1834.

It was supposed by the counsel of the plaintiffs, at the trial, that the plea of *nil debet* was an admission of the lease from the plaintiffs to the Cliffords; and no evidence on that point was produced. But no case has been cited, nor have we found any case, that gives the slightest countenance to the supposition, that the plea was in law an admission of that lease. On the contrary, it is well settled that *nil debet* puts in issue the whole declaration. Even in cases where it is not a proper plea, if it be pleaded, and the plaintiff, instead of demurring, takes issue upon it, he will have to prove every allegation in his declaration. 1 *Chitty's Pl.* 478; 2 *Starkie's Ev.* 140, *note* (*u*) *and* 463. The plaintiffs, then, failed in this respect in a point essential to be proved, in order to entitle them to a verdict.

But there are other defects in the case of these plaintiffs. In order to maintain debt or covenant for rent there must be either privity of contract or privity of estate between the plaintiff and defendant. 3 *Coke* 23, *Walker's case.*

Between the lessor and the lessee there is both privity of contract and privity of estate, so long as the lessee retains the term. And the original lessee is liable to an action of covenant for the rent, although he may have assigned all his interest to some third person with the assent of the lessor. For even in that case the privity of contract continues between the lessor and the lessee. 1 *Chitty's Pl.* 36.

But if the lessee assign the term, with the assent of the lessor, after this, debt does not lie against the lessee. 1 *Chitty's Pl.* 106; 1 *Saunders* 241, *note* 5; 4 *D. & E.* 98, *Auriol* vs. *Mills.*

When the lessee has assigned to a third person his whole term, both debt and covenant lie against the assignee on the privity of estate. 2 *East* 580; 12 *Pick.* 125, *Howland* vs. *Coffin;* 9 *Pick.* 52.

And he who takes an assignment of the whole term, even by way of mortgage, is liable for the rent, although he may never have entered and taken possession. 4 *N. H. R.* 251, *McMurphy* vs. *Minot;* 5 *Com. Law R.* 72; 7 *East* 335, *Turner* vs. *Richardson.*

An assignee of the whole term is only liable for the rent while he continues in possession under the assignment. If he assigns over to another all his interest, he is not liable for the rent, although he may continue in possession. *Buller's N. P.* 159; *Carthew* 177, *Tovey* vs. *Pitcher;* 1 *B. & P.* 21, *Taylor* vs. *Shum; Douglas* 461, *note, Walker* vs. *Reeves;* and *ibid.* 735, *Chanceller* vs. *Poole; Woodfall's Landlord & Tenant* 280, 281.

There is a material difference between an assignee of a term, and an under-tenant.

He only is to be considered as an assignee of the term who takes the whole estate of the lessee in the land, or in some part of the land. 17 *Johnson* 70; 3 *Wilson* 234; *Woodfall* 276—280; 11 *East* 52; *Com. Dig.,* "*Debt,*" *E. & F.; Cro. James* 411; *Cro. Eliz.* 633; 2 *Levintz* 231.

When the lessee conveys to a third person the whole or a part of the land for a portion only of his term, such third person is not an assignee of the term, but an undertenant. *Woodfall* 276, and 287, 288.

There is no privity of contract or of estate between the original lessor and an undertenant; and the undertenant is not liable to the original lessor in any form of action for rent. 1 *Chitty's Pl.* 36; *Douglas* 183; *Woodfall* 288.

In this case, it was proved on the part of the plaintiffs that the defendant had been in possession of a part of the land, and that he had paid a part of the rent reserved on the lease from the plaintiffs to the Cliffords, for two years. This was prima facie evidence that he was an assignee as to part of the land. But it was only prima facie evidence. And there was nothing in the case that could preclude him from showing that he was only an undertenant. His pos-

*Dart. College*
*vs.*
*Clough.*

session under his lease was notice to all the world of the nature of his interest. It was enough to make it the duty of the plaintiffs to enquire into the nature of his title before they brought their action.

As it was clearly shown that the defendant was a mere undertenant, it is very certain that this action cannot be maintained.

*Judgment on the verdict.*